Yesy Sanchez (YS - 0502)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michele Bizaldi, *on behalf of herself and others similarly situated,*<br><br>*Plaintiff,*<br><br>-v-<br><br>Sapitos Restaurant, Inc., Cajun NY LLC, Yairton Garcia, Philip Kuszel, and Jaleene Rodriguez, *jointly and severally,*<br><br>*Defendants.* | Civil Case No.: _____-cv-_____(___)<br><br>**FLSA COLLECTIVE ACTION**<br>**COMPLAINT** |

## NATURE OF THE ACTION

1. Plaintiff Michele Bizaldi ("Plaintiff" or "Bizaldi"), on behalf of herself and others similarly situated, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiff's lawfully earned wages and overtime compensation. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.* as well as the supporting New York State Department of Labor Regulations for violations of minimum wages and misappropriation of tips.

1

## SUMMARY

2.  Plaintiff was employed by Defendant, Sapitos Restaurant, Inc., Cajun NY LLC, Yairton Garcia, Philip Kuszel, and Jaleene Rodriguez as a waitress.

3.  Plaintiff consistently worked approximately twenty-two and hone-half (22.5) hours per week from December 2015 to May 2016.

4.  However, Defendants never paid Plaintiff an hourly wage, instead Plaintiff would only receive compensation from her cash and/or credit card tips.

5.  As such, Defendants have repeatedly deprived Plaintiff of her lawfully earned wages.

6.  Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

7.  As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

8.  Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees. Plaintiff seeks certification of this action as a collective action on behalf of herself individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216 (b).

## JURISDICTION AND VENUE

**Federal Question Jurisdiction and Supplemental Jurisdiction**

9.  This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. Additionally, this Court also

has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

10. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

11. Venue is proper in the Southern District of New York under 8 U.S.C. §§1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

### (Plaintiff)

**Michele Bizaldi**

12. Plaintiff Michele Bizaldi ("Bizaldi") is an adult individual residing in the state of New York, Bronx County.

13. Bizaldi is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

14. Bizaldi worked for Defendants from December 2015 to May 2016.

15. Bizaldi was employed at Sapitos Restaurant, a sports bar/restaurant located at 172 East 106th Street, New York, NY, 10029.

16. Bizaldi was employed as a waitress. Her duties included taking customers' orders, transporting food and beverages to patrons' tables, and providing overall satisfactory customer service.

17. Bizaldi regularly handled goods in interstate commerce during her employment, such as food ingredients imported from outside the State of New York.

18. During the period of her employment with Defendant, Bizaldi worked three (3) days per week: Thursdays, Fridays, and Sundays. Her shift was from 7 p.m. to 2 a.m.

19. Since starting work in December 2015 up until May 2016, Bizaldi's actual hours worked were on average twenty-two and one-half (22.5) hours per week and seven (7) hours per day.

20. However, she only received compensation from cash and/or credit card tips, and was denied a minimum wage or hourly rate.

20. Defendants failed to pay Bizaldi minimum wage at all times.

21. Bizaldi was not provided with a notice containing the rate and basis of her pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

22. Bizaldi was never provided with wage statements or other records detailing dates worked, money received, and the employer's details at any point during the time of her employment with Defendants.

23. Upon information and belief, while Defendants employed Bizaldi, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Bizaldi of such rights.

24. Throughout the duration of his employment, Bizaldi did not have any supervisory authority over any of Defendants' employees, nor did she exercise discretion or independent judgment with respect to matters of significance.

25. Bizaldi consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

**Defendants**

26. 27. At all relevant times, Individual and Corporate Defendants were joint employers of Plaintiffs, acted in the interest of each other with respect to Plaintiffs' and other employees' remuneration, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2. Factors indicating joint employment include:

    a. Corporate Defendants all suffered or permitted Plaintiff to work.

    b. Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

    c. Defendants each have an economic interest in the locations in which Plaintiff and similarly situated employees worked.

    d. Defendants all simultaneously benefitted from Plaintiff's work.

    e. Defendants each had either functional and/or formal control over the terms and conditions of work of Plaintiff and similarly situated employees.

    f. Plaintiff and similarly situated employees performed work integral to each Corporate Defendant's operation.

27. In the alternative, all Defendants functioned together as a single integrated employer of Plaintiff within the meaning of the FLSA and NYLL.

28. Upon information and belief, Corporate Defendants Sapitos Restaurant, Inc. and Cajun NY LLC are related entities and operate together as a single integrated enterprise. Specifically, both Sapitos Restaurants are owned, managed, and operated by the same core team of Individual Defendants, Yairton Garcia, Philip Kuszel, and Jaleene Rodriguez.

**(Corporate Defendants)**

**Sapitos Restaurant, Inc.**

29.  Sapitos Restaurant, Inc. ("Sapitos") is the trade name of a domestic corporation organized and existing under the laws of the State of New York.

30.  Sapitos owns and operates two(2) restaurants across the New York State area. Plaintiff worked at the location at 172 East 106th Street, New York, NY 10029.

31.  Sapitos is open daily, Seven (7) days a week. On Sundays it is open from 12 p.m. to 11 p.m. On Mondays through Wednesdays it is open from 3 p.m. to 12 a.m. On Thursdays it is open from 3 p.m. to 1 a.m. On Fridays and Saturdays, it is open from 3 p.m. to 2 a.m. It employs a number of staff including cooks, waiters, waitresses, and bartenders.

32.  At all relevant times, Sapitos was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

33.  At all relevant times, Sapitos maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll, and other employment practices that applied to her.

34.  At all relevant times, Sapitos was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling food made from ingredients produced out of state and distributed in New York. In addition, Sapitos conducted business with vendors and other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions outside the State of New York.

35.  Upon information and belief, at all relevant times, Sapitos's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate

retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**Cajun NY LLC**

36. Cajun NY LLC ("Cajun") is the trade name of a domestic corporation organized and existing under the laws of the State of New York.

37. Cajun co-owns and operates two (2) restaurants across the New York State area. Plaintiff worked at the location at 172 East 106th Street, New York, NY 10029.

38. At all relevant times, Cajun was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

39. At all relevant times, Cajun maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll, and other employment practices that applied to her.

40. At all relevant times, Cajun was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling food made from ingredients produced out of state and distributed in New York. In addition, Cajun conducted business with vendors and other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions outside the State of New York.

41. Upon information and belief, at all relevant times, Cajun's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**(Individual Defendant)**

**Yairton Garcia**

42. Upon information and belief, at all relevant times, Yairton Garcia, ("Garcia") was, at the time of Plaintiff's employment owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendant.

43. At all relevant times throughout Plaintiff's employment, Garcia had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

44. At all relevant times throughout Plaintiff's employment, Garcia was actively involved in the day-to-day operations of the Corporate Defendant.

45. At all relevant times throughout Plaintiff's employment, Garcia was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

**Philip Kuszel**

46. Upon information and belief, at all relevant times, Philip Kuszel, ("Kuzel") was, at the time of Plaintiff's employment owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendant.

47. At all relevant times throughout Plaintiff's employment, Kuszel had the discretionary power to create and enforce personnel decisions on behalf of the Corporate

Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

48. At all relevant times throughout Plaintiff's employment, Kuszel was actively involved in the day-to-day operations of the Corporate Defendant.

49. At all relevant times throughout Plaintiff's employment, Kuszel was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

**Jaleene Rodriguez**

50. Upon information and belief, at all relevant times, Jaleene Rodriguez, ("Rodriguez") was, at the time of Plaintiff's employment owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendant.

51. At all relevant times throughout Plaintiff's employment, Rodriguez had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

52. At all relevant times throughout Plaintiff's employment, Rodriguez was actively involved in the day-to-day operations of the Corporate Defendant.

53. At all relevant times throughout Plaintiff's employment, Rodriguez was a

"covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

54. Pursuant to 29 U.S.C.§§ 203, 206, 207 and 216(b), Plaintiff brings his First and Second Causes of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since September 11, 2013, and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees (the "Collective Action Members").

55. A collective action is appropriate in these circumstances because Plaintiff and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay minimum wage for all hours worked and overtime premiums for work performed in excess of forty (40) hours each week. Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

56. The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages

57. Plaintiff, on behalf of herself and the Collective Action Members, realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

58. At all relevant times, Plaintiff and the Collective Action Members were

employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

59. At all times relevant, Defendants have been employers of Plaintiff and the Collective Action Members, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§203 (s)(1) and 206 (a).

60. Defendants were required to pay directly to Plaintiff, and the Collective Action Members, the applicable federal minimum wage rate for all hours worked pursuant to 29 U.S.C. § 206.

61. Defendants failed to pay Plaintiff, and the Collective Action Members, their earned minimum wages for all hours worked to which they were entitled to under the FLSA.

62. As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216 (b).

63. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

64. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the Collective Action Members.

65. Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

66. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

### New York Labor Law – Minimum Wage

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

69. At all relevant times referenced herein, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

70. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

71. From December 31, 2014, to December 30, 2015, the minimum hourly wage was $8.75, and from December 31, 2016 onwards, the minimum hourly wage in the State of New York is $9.00 pursuant to NYLL § 652 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-1.2.

72. Defendants were required to pay Plaintiff no less than the applicable statutory minimum wage for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.2.

73. Through their knowing and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have violated the NYLL Article 19, §§ 650 et seq., and 12 N.Y.C.R.R. Part 146-1.2.

74. Defendants also failed to post conspicuous notices of the Plaintiff's rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-2.4, further evincing Defendants' lack of good faith.

75. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of NYLL § 663.

76. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

### THIRD CAUSE OF ACTION

**New York Labor Law– Failure to Provide Notice at the Time of Hiring**

77. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78. Defendants have failed to provide Plaintiff, at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

79. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of fifty dollars ($50) per workweek that the violation occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2,500), until February 26, 2015, and statutory damages of Fifty dollars ($50) per workday that the violation

occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL § 198 (1-b).

### FOURTH CAUSE OF ACTION

**New York Labor Law– Failure to Provide Wage Statements**

80. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81. Defendants have failed to provide Plaintiff with wage statements listing her rate of pay; basis of pay; the period covered; and overtime pay, in violation of NYLL § 195(3).

82. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants One Hundred Dollars ($100) for each work week that the violations occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2,500), until February 26, 2015, and statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL § 198 (1-d).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

B. An order tolling the statute of limitations;

C. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, New

York Labor Law, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

  D. Unpaid minimum wages under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

  E. Unpaid minimum wages pay under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and §663(1);

  F. Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violation of the FLSA pursuant to 29 U.S.C.A. § 216(b);

  G. An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

  H. An award of statutory damages for Defendants' failure to provide Plaintiff with accurate wage statements pursuant to NYLL § 198 (1-d);

  I. A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

  J. If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

  K. An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

  L. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

  M. An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

N.  Such other relief as this Court shall deem just and proper.

Dated: October 21, 2016

                                              Respectfully submitted,
                                              **PARDALIS & NOHAVICKA, LLP**

                                              By: _____
                                              Yesy Sanchez (YS-0502)
                                              *Attorneys for the Plaintiff*
                                              35-10 Broadway, Suite 201
                                              Astoria, New York 11106
                                              Tel: 718.777.0400 | Fax: 718.777.0599
                                              Email: yesy@pnlawyers.com